United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Petitioner,<br><br>    v.<br><br>ROBERT GORGLIONE,<br>    Respondent. | Miscellaneous Case No.<br>11-91346-NMG<br>[SEALED] |

MEMORANDUM AND ORDER

GORTON, J.

On December 21, 2011, the United States ("Petitioner") initiated this action by filing a motion to convene a hearing pursuant to 18 U.S.C. § 4246, which provides for the civil commitment and hospitalization of a dangerous person whose sentence is about to expire upon a finding by a federal court that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. When the motion was filed, Robert Gorglione ("the Respondent") was incarcerated at Federal Medical Center Devens ("FMC Devens") where he was serving a 5-year sentence for violating a condition of his supervised release. He was scheduled to be released on January 3, 2012. The filing of the motion stayed his release pending its resolution.

On December 30, 2011, after an initial hearing, the Court

issued an Order of Representation finding that the Respondent was entitled to 1) representation by the Federal Public Defender, 2) service of subpoenas to secure necessary witnesses and 3) appointment of a mental health examiner. Assistant Federal Public Defender Catherine Byrne was appointed to represent the Respondent and Dr. Marilyn Price was appointed as his mental health examiner in accordance with 18 U.S.C. §§ 4246(b) and 4247(b).

After reviewing the Respondent's Bureau of Prisons medical records and examining him on April 23, 2012, Dr. Price reached the conclusion that the Respondent meets the statutory criteria for civil commitment. Although Dr. Price's official report has not yet been filed, in light of her opinion, counsel for Respondent does not oppose the government's motion for civil commitment. At the status conference held on May 1, 2012, the parties jointly requested that the Court enter a civil commitment order.

Entry of such an order is premature because the Respondent has not yet been afforded the opportunity to testify, present evidence and examine witnesses at an evidentiary hearing, 18 U.S.C. §§ 4246(c) and 4247(d), and the Court lacks a sufficient factual basis upon which to ground a determination that the Respondent

> is presently suffering from a mental disease or defect as a result of which his release would create a substantial

   risk of bodily injury to another person or serious damage
   to property of another,

18 U.S.C. § 4246(d). The liberty interests at stake are too

significant to be deprived on the basis of hearsay alone.

   Therefore, it is hereby **ORDERED** that:

   1) The report of Dr. Price or another qualified mental
      health examiner shall be prepared in conformity with 18
      U.S.C. § 4247(c) and filed with this Court on or before
      June 22, 2012; and

   2) An evidentiary hearing shall take place on Friday, July
      6, 2012, at 11:00 a.m. The Respondent shall be
      permitted to testify, present evidence and examine
      witnesses but need not avail himself of the opportunity
      to do so. All documentary evidence to be considered by
      the Court shall be submitted in advance of the hearing.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    _____
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated May 11, 2012