```
                    United States District Court
                     District of Massachusetts
```

| | |
|---|---|
| United States of America, ) | |
|       Petitioner, ) | |
| ) | Civil Action No. |
|       v. ) | 19-12406-NMG |
| Robert Gorglione, ) | |
|       Respondent. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This civil commitment case arises out of the 1998 conviction of Robert Gorglione ("respondent" or "Gorglione") for conspiracy to distribute cocaine. In July, 2012, Gorglione was civilly committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4246. Since then, he has remained in federal custody at the Federal Medical Center, Devens in Ayer, Massachusetts ("FMC-Devens").

In August, 2020, eight years after he was civilly committed, the Risk Assessment Panel ("the RAP") at FMC-Devens issued a report recommending Gorglione for conditional release. More than seven months later, Gorglione remains committed despite the best efforts of personnel at FMC-Devens, counsel for both parties and this Court. To avoid further unnecessary

detention, this Court will order Gorglione's release with all deliberate speed.

## I. Background

In May, 1998, Gorglione was sentenced to 60 months in prison after being convicted of conspiracy to distribute cocaine. His term of incarceration was followed by supervised release commencing in March, 2006. He eventually violated his terms of release on several occasions, including by assaulting his father. As a result, Gorglione was committed to the custody of FMC-Devens pursuant to 18 U.S.C. § 4244 to serve a five-year term.

In December, 2011, while Gorglione was serving his sentence for violating the terms of his release, the government filed a petition for civil commitment pursuant to 18 U.S.C. § 4246. After an evidentiary hearing in July, 2012, this Court held that Gorglione's mental state was such that his release from custody would create a risk of harm to the public. The Court found that the evidence demonstrated that Gorglione 1) has a Schizoaffective Disorder, presenting with symptoms of psychosis and violent outbursts, 2) refused to accept that diagnosis and 3) as a result, refused to take his prescribed medication absent a court order.

Accordingly, Gorglione was committed to the custody of the

United States Attorney General and placed at FMC-Devens. In addition to ordering FMC-Devens to submit annual updates on his mental condition, this Court also reminded the government of its obligation to "exert all reasonable efforts" to cause state custody of Gorglione pursuant to § 4246(d). The Court further required the government to submit periodic reports on measures taken to achieve that goal.

From 2012 to 2017, FMC-Devens consistently recommended that Gorglione remain in custody. During that time, the government annually submitted renewed requests in a continued effort to transfer Gorglione to state custody in either Massachusetts or New York. All requests were denied.

In December, 2017, the Risk Assessment Panel at FMC-Devens ("the RAP") issued a report that concluded Gorglione had recovered such that his conditional release under prescribed treatment would no longer create a risk to the public. The government subsequently focused on finding suitable housing to accommodate Gorglione upon his release. Before such housing was secured, the RAP conducted another evaluation of Gorglione in May, 2019 and reverted to its previous recommendation that he should remain committed because he continued to meet the diagnostic criteria for Schizoaffective Disorder and his release posed a risk of harm to the public.

Following the RAP report in May, 2019, this Court entered an order directing the RAP at FMC-Devens to provide an updated report as to Gorglione's mental status on or before August 31, 2020 to address the inconsistency of previous reports.

On August 27, 2020, this Court received a sealed RAP report ("the August Report") recommending Gorglione for conditional release. The August Report notes that, despite his continued lack of insight into his illness and history of drug use and violence, Gorglione acknowledges the necessity of taking his medication upon release and understands that his failure to do so may result in his being remanded to federal custody.

In sum, the August Report concludes that Gorglione

> has recovered from his mental illness to such an extent that his conditional release under a prescribed regimen of treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

Since then, this Court has convened four status conferences during the past seven months to receive periodic updates from the government and FMC-Devens regarding the effort to transfer or release Gorglione. Despite the diligent effort of the parties and the Court, no definitive plan has been formulated or accomplished. The Court concludes, nevertheless, that the time for Gorglione's release has arrived.

## II. <u>Conditional Release Under Section 4246(e)</u>

The August Report requires FMC-Devens authorities to create a plan for Gorglione's release. The Report also significantly alters the authority of this Court to enforce such a release.

Gorglione's prior continued hospitalization was analyzed pursuant to 18 U.S.C. § 4246(d), which authorizes the <u>indefinite</u> hospitalization of a person

> who is due for release but who, as the result of a mental illness, poses a significant danger to the general public

until either a state assumes responsibility or the person's mental condition is restored. <u>United States</u> v. <u>S.A.</u>, 129 F.3d 995, 998 (8th Cir. 1997).

In contrast, when a director of the facility in which a person remains hospitalized pursuant to 18 U.S.C § 4246(d) determines that

> the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another

continued hospitalization is analyzed pursuant to § 4246(e). Pursuant to § 4246(e), the Court "shall" upon receiving certification of recommendation for conditional release,

> order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he

-5-

should be released. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that—

(1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or

(2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall

   (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and

   (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

§ 4246(e).

As a result of the August Report recommending Gorglione for conditional release, Gorglione's continued hospitalization is analyzed pursuant to § 4246(e)(2). See Ecker v. United States, 538 F. Supp. 2d 331, 337 (D. Mass. 2008) (ordering the conditional release of a civilly committed individual under similar circumstances pursuant to § 4246(e)(2)); Ecker v. United

States, 575 F.3d 70, 79-82 (1st Cir. 2009) (affirming the conditional release pursuant to § 4246(e)(2)).

The Court concludes, based on all the information at hand, that any further delay in releasing Gorglione may result in unnecessary, continued federal custody and that he should be released forthwith subject to specific conditions as determined by the Warden of FMC-Devens.

### ORDER

In accordance with the foregoing, on or before May 7, 2021, the Warden of the Federal Medical Center, Devens in Ayer, Massachusetts shall submit to this Court a proposed program for the conditional release of the respondent, Robert Gorglione, to an appropriate facility in the greater New York City area, the conditions of which release shall be intended to regulate Mr. Gorglione's conduct to the extent necessary to ensure that he will not become a substantial risk to the community.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated April 6, 2021